```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

DAVID H. TRAUTWEIN,                )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )      No. 4:06-CV-1787 (CEJ)
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social             )
Security,[1]                       )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This matter is before the Court on the Commissioner's motion to reverse the decision of the Administrative Law Judge (ALJ) and remand this action, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of plaintiff's physical impairment.

The Commissioner seeks remand for a proper evaluation of the December 2004 and September 2005 opinions of plaintiff's treating rheumatologist, Amy M. Joseph, M.D. If those opinions are incomplete, the Commissioner requests that the ALJ attempt to recontact Dr. Joseph for further clarification. The Commissioner also seeks remand for further consideration of whether plaintiff's residual functional capacity assessment should include any bilateral handling or grasping limitations. If so, the Commissioner requests that the ALJ obtain vocational expert

---

[1] Michael J. Astrue became the Commissioner of Social Security on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

testimony as to whether other work exists in the economy that plaintiff could perform despite these limitations. The Commissioner additionally requests that the ALJ be directed to consider the effect of the Agency's finding that plaintiff was disabled as of October 29, 2005 on the disability determination for the period of October 31, 2003 to October 28, 2005. The Commissioner filed an answer in this action on March 8, 2007. The Commissioner does not proffer new evidence in support of the motion for remand.

Plaintiff does not oppose the Commissioner's motion, with the understanding that the ALJ is limited to considering on remand the time period of October 31, 2003 to October 28, 2005.[2]

Sentence four of 42 U.S.C. § 405(g) provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Remands made pursuant to this statute are referred to as "sentence four remands." A sentence four remand is "proper whenever the district court makes a substantive ruling regarding the correctness

---

[2] Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income on August 17, 2004; that application was denied, and an Administrative Law Judge found plaintiff was not disabled on October 28, 2005. The Appeals Council denied plaintiff's request for review, and thus the October 28, 2005 decision remains the final decision of the Commissioner. See 42 U.S.C. § 405(g). During the pendency of his appeal, plaintiff filed a second application for a period of disability, disability insurance benefits, and supplemental security income, and that application was approved on April 10, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of the decision of the Commissioner and remands the case in accordance with such a ruling." Buckner v. Apfel, 212 F.3d 1006, 1010 (8th Cir. 2000) (citation omitted). A court can reverse only the findings of the ALJ which are not supported by substantial evidence on the record as a whole. Id. at 1012 (citation omitted).

The Commissioner's request amounts to a concession of possible administrative error which brings into question the correctness of the ALJ's decision. See Morris v. Apfel, 14 F.Supp.2d 1134 (D. Neb. 1998); and Finch v. Apfel, 993 F.Supp. 712 (E.D. Mo. 1997). The Court finds that a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate.

On remand, the ALJ is directed to consider only the time period of October 31, 2003 to October 28, 2005. The ALJ is further directed to properly consider the evidence of the December 2004 and September 2005 opinions of plaintiff's treating rheumatologist, Amy M. Joseph, M.D. If those opinions are incomplete, the ALJ shall attempt to recontact Dr. Joseph for further clarification. The ALJ shall further consider whether plaintiff's residual functional capacity assessment should include any bilateral handling or grasping limitations, and if so, whether other work exists in the economy that plaintiff could perform despite these limitations. Finally, the ALJ is directed to consider the effect of the agency's subsequent finding of disability dating from October 29, 2005 on the period at issue here, October 31, 2003 to October 28, 2005.

Accordingly,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that the defendant's motion to reverse and remand [# 16] is **granted**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the decision of the Commissioner is **reversed** and this case is **remanded**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2007.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com